UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA KATE HAINES, | CASE NO. 1:10-cv-01763-SKO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S RULE 56(d) MOTION WITHOUT PREJUDICE** |
| v. | (Docket No. 41) |
| HOME DEPOT U.S.A., Inc., | **ORDER CONTINUING HEARING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT TO MARCH 7, 2012** |
| Defendant. | |
| / | **ORDER PROVIDING *RAND* NOTICE** |

## I.   INTRODUCTION

On December 29, 2011, Defendant Home Depot U.S.A., Inc. ("Home Depot") filed a motion for summary judgment. (Doc. 35.) The notice of the motion set the hearing on the motion for February 1, 2012. (Doc. 35.) On January 13, 2012, Home Depot renoticed the motion pursuant to the requirements of Rule 230 of the Local Rules for the United States District Court for the Eastern District of California ("Local Rules") and set a new hearing date of February 15, 2012.

On January 20, 2012, Plaintiff filed a motion to continue the hearing on Home Depot's motion for summary judgment. (Doc. 41.) In her request for a continuance, Plaintiff identified February 1, 2012, as the date for the hearing; it appears that Plaintiff had not yet received Home

Depot's filing that renoticed the hearing for February 15, 2012. Nonetheless, Plaintiff seeks an unspecified amount of additional time to prepare an opposition to Home Depot's motion. Plaintiff notes that she "feels that she has obtained and will continue to obtain more information to show causation for her pleading. She requests [ ] more time to support (show) her causation of general negligence and premises liability." (Doc. 41, 2:20-25.)

For the reasons set forth below, Plaintiff's motion for a continuance is construed as a motion pursuant to Federal Rule of Civil Procedure 56(d) and is DENIED without prejudice. Plaintiff may refile a Rule 56(d) motion **on or before February 1, 2012**. To allow time for Plaintiff to renew her Rule 56(d) motion, Home Depot's motion for summary judgment is **CONTINUED until March 7, 2012.**

## II.   DISCUSSION

Pursuant to Local Rule 230(c), Plaintiff's opposition to Home Depot's motion for summary judgment that is currently set for hearing on February 15, 2012, must be filed on or before **February 1, 2012.**[1] Plaintiff is seeking an unspecified continuance of Home Depot's motion; she asserts she requires more time to obtain additional evidence. The Court notes that, pursuant to the parties' stipulations for continuances of scheduling deadlines (*see* Docs. 18, 20), the deadlines to obtain discovery evidence, designate expert witnesses, and complete expert discovery have passed. Furthermore, the deadline for the hearing on any dispositive motion, which includes a motion for summary judgment, is set for March 5, 2012. (Doc. 17.) Thus, to obtain a continuance to seek more evidence to support her claim, Plaintiff must make a showing that she is entitled to a continuance pursuant to Federal Rule of Civil Procedure 56(d).

---

[1] Local Rule 230(c) provides that any opposition to a motion shall be filed and served not less than fourteen (14) days before the noticed or continued hearing date.

Federal Rule of Civil Procedure 56[(d)][2] provides that if a party opposing summary judgment demonstrates a need for further discovery in order to obtain facts essential to justify the party's opposition, the trial court may deny the motion for summary judgment or continue the hearing to allow for such discovery." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (internal quotation marks omitted). However, "[i]n making a Rule 56[(d)] motion, a party opposing summary judgment must make clear what information is sought and how it would preclude summary judgment." *Id.*

Plaintiff's motion for a continuance does not identify the additional information she seeks to obtain, nor does she explain how it will preclude Home Depot's motion for summary judgment. Further, the identified facts or evidence must be of a type that has either *already been discovered* or is *likely to be discovered*. In other words, there must be a "basis or factual support for [the] assertions that further discovery would lead to the facts and testimony" described in an affidavit submitted pursuant to Rule 56(d). *Margolis*, 140 F.3d at 854 ("wild speculation" that facts and testimony sought to be discovered could actually be discovered will not support a continuance or denial of summary judgment motions under Rule 56(d)).

To the extent that Plaintiff's motion for a continuance constitutes a Rule 56(d) motion, it is denied without prejudice. **On or before February 1, 2012**, Plaintiff may file a renewed Rule 56(d) motion that comports with the requirements as set forth above. If Plaintiff elects to file a renewed Rule 56(d) motion, Home Depot shall have seven (7) days from the date Plaintiff's motion is served to file any opposition to that motion.

---

[2] The Court notes that, effective December 1, 2010, the Federal Rules of Civil Procedure were amended such that the general provisions of Fed. R. Civ. P. 56(f) are now located at amended Rule 56(d). The text of amended Rule 56(d) is as follows:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

3

1    Further, the Court continues and resets Home Depot's summary judgment motion to March
2    7, 2012,[3] to allow Plaintiff the time necessary to file a renewed Rule 56(d) motion.

### III.    *RAND* NOTICE

Home Depot has moved for summary judgment as to Plaintiff's claims. Pursuant to *Rand v. Rowland*, 154 F.3d 952, 955 (9th Cir. 1998), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), **Plaintiff is advised of the following requirements for opposing a motion for summary judgment made by Home Depot pursuant to Fed. R. Civ. P. 56.**

A motion for summary judgment is a request for an order for judgment on all of Plaintiff's claims in favor of Home Depot without trial. *See* Fed. R. Civ. P. 56(b). Home Depot's motion sets forth the facts which Home Depot contends are not reasonably subject to dispute and that entitle Home Depot to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

Plaintiff has the right to oppose a motion for summary judgment. To oppose the motion, Plaintiff must show proof of her claims. Plaintiff may agree with the facts set forth in Home Depot's motion but argue that Home Depot is not entitled to judgment as a matter of law. Plaintiff may show Home Depot's facts are disputed in one or more of the following ways: (1) Plaintiff may rely upon statements made under penalty of perjury in the complaint *if* the complaint shows that Plaintiff has personal knowledge of the matters stated *and if* Plaintiff calls the Court's attention to those portions of the complaint upon which Plaintiff relies; (2) Plaintiff may also serve and file affidavits or declarations setting forth the facts which Plaintiff believes prove her claims (the person who signs the affidavit or declaration must have personal knowledge of the facts stated);[4] (3) Plaintiff may also

---

[3] Although the current deadline for the hearing on dispositive motions is set for March 5, 2012, the Court only hears law and motion matters on Wednesdays. Thus, the motion is reset to the first Wednesday following the March 5, 2012, deadline.

[4] An affidavit is a written declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. An unsworn declaration has the same effect as an affidavit, provided that it is dated and signed under penalty of perjury, as follows: "I declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. Affidavits and declarations must be made on personal knowledge and must set forth facts that would be admissible into evidence. *See* Fed. R. Civ. P. 56(c)(4).

4

rely upon written records, but she must prove that the records are what she claims they are;[5] and (4) Plaintiff may also rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. Should Plaintiff fail to counter Home Depot's motion with affidavits, declarations, or other evidence, Home Depot's evidence will be taken as true, and final judgment may be entered without a full trial. *See* Fed. R. Civ. P. 56(e).

It is well-established that verified pleadings and verified oppositions constitute opposing declarations so long as they are based on personal knowledge and they set forth facts admissible in evidence to which the declarant is competent to testify, (*see, e.g., Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006)), with personal knowledge and competence to testify inferable from the declarations themselves (*Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990) (per curiam) (quotation marks omitted)).

As set forth above, "Federal Rule of Civil Procedure 56[(d)] provides that if a party opposing summary judgment demonstrates a need for further discovery in order to obtain facts essential to justify the party's opposition, the trial court may deny the motion for summary judgment or continue the hearing to allow for such discovery." *Margolis*, 140 F.3d at 853 (internal quotation marks omitted). However, "[i]n making a Rule 56[(d)] motion, a party opposing summary judgment must make clear what information is sought and how it would preclude summary judgment." *Id.* Accordingly, if there is some good reason why such facts are not available to Plaintiff to oppose Home Depot's motion for summary judgment, the Court will consider a request to postpone considering Home Depot's motion. *See* Fed. R. Civ. P. 56(d).

## IV.   CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's Rule 56(d) motion for a continuance of Home Depot's motion for summary judgment is DENIED without prejudice;
2. Plaintiff may file a Rule 56(d) motion in a manner consistent with this order **on or before February 1, 2012**;

---

[5] Sworn or certified copies of all papers referred to in an affidavit must be attached to the affidavit and served on the opposing party. *See* Fed. R. Civ. P. 56(c).

5

3. If Plaintiff elects to file a Rule 56(d) motion, Home Depot may file an opposition within 7 days after service of Plaintiff's motion; and

4. To provide Plaintiff additional time to renew her Rule 56(d) motion, the hearing on **Home Depot's motion for summary judgment is CONTINUED to March 7, 2012**.

IT IS SO ORDERED.

**Dated:   January 24, 2012**              /s/ Sheila K. Oberto
                                           UNITED STATES MAGISTRATE JUDGE