# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA KATE HAINES, | CASE NO. 1:10-cv-01763-SKO |
| Plaintiff, | **ORDER CONTINUING HEARING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| HOME DEPOT U.S.A., Inc., | (Docket No. 47) |
| Defendant. | |
| _____/ | |

## I.   INTRODUCTION

On February 22, 2012, Plaintiff filed a motion to continue the hearing on Defendant Home Depot's ("Defendant") summary judgment motion, set for March 7, 2012. For the reasons set forth below, the hearing on Defendant's motion for summary judgment is **CONTINUED to March 21, 2012**, and Plaintiff is permitted to supplement her opposition to the motion **on or before March 7, 2012.** Should Plaintiff timely supplement her opposition, Defendant is permitted to file a reply brief **on or before March 14, 2012.**

## II.   DISCUSSION

On December 29, 2011, Defendant filed a motion for summary judgment. (Doc. 35.) The notice of the motion set the hearing on the motion for February 1, 2012. (Doc. 35.) On January 13,

1 2012, Defendant renoticed the motion pursuant to the requirements of the Eastern District of
2 California's Local Rules 230 and set a new hearing date of February 15, 2012.

3 On January 20, 2012, Plaintiff filed a motion to continue the hearing on Defendant's motion
4 for summary judgment. (Doc. 41.) Plaintiff sought an unspecified amount of additional time to
5 prepare an opposition to Defendant's motion. Plaintiff noted that she felt "that she has obtained and
6 will continue to obtain more information to show causation for her pleading. She requests [ ] more
7 time to support (show) her causation of general negligence and premises liability." (Doc. 41, 2:20-
8 25.) Plaintiff's motion for a continuance was construed as a motion pursuant to Federal Rule of Civil
9 Procedure 56(d), and was DENIED without prejudice. Plaintiff was provided notice of the
10 requirements for opposing a summary judgment motion or filing a Rule 56(d) motion, and Plaintiff
11 was permitted to refile a Rule 56(d) motion on or before February 1, 2012. To allow Plaintiff time
12 to renew her Rule 56(d) motion, Defendant's motion for summary judgment was continued until
13 March 7, 2012.

14 On January 24, 2012, the same day that the Court denied Plaintiff's Rule 56(d) motion and
15 granted a continuance of the hearing on Defendant's motion for summary judgment, Plaintiff's
16 opposition to the motion for summary judgment, which was mailed on January 20, 2012, was filed.
17 (Doc. 43.) Therefore, the opposition was filed before Plaintiff was provided the information as to
18 the requirements for opposing a motion for summary judgment or filing a Rule 56(d) motion for a
19 continuance. Although Plaintiff did not renew her request pursuant to Rule 56(d), Plaintiff now
20 seeks an additional two-week continuance of the hearing on the motion for summary judgment
21 because her computer was stolen and she is having difficulty obtaining copies of documents with
22 which she would like to supplement her motion. (Doc. 47.)

23 As Plaintiff's opposition to the motion for summary judgment was filed on the same day that
24 the Court provided Plaintiff notice of the requirements to oppose the motion or file a Rule 56(d)
25 motion, the Court will permit Plaintiff additional time to file any additional documents to
26 supplement to her opposition. Should Plaintiff supplement her opposition, Defendant may file a
27 brief in reply.
28

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Continuance is GRANTED;

2. The hearing on Defendant's motion for summary judgment is **RESET to March 21, 2012**, at 9:30 a.m., in Courtroom 7;

3. Plaintiff shall file any supplemental documents in support of her opposition to Defendant's motion for summary judgment **on or before March 7, 2012;**

4. Defendant may file an optional reply brief to any supplemental opposition **on or before March 14, 2012;** and

5. This is the final continuance of the hearing on Defendant's motion for summary judgment motion that will be granted, absent truly good cause.

IT IS SO ORDERED.

**Dated:** February 23, 2012          /s/ Sheila K. Oberto
                                                   UNITED STATES MAGISTRATE JUDGE